UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[1] ANNELISE I. FIGUEROA,<br>[2] ROLANDO RIVERA SOLIS;<br><br>Defendants. | SUPERSEDING INDICTMENT<br><br>Criminal Number: 15-128 (GAG)<br><br>18 USC § 656<br>18 USC § 1343<br>18 USC § 1344<br>18 USC § 1957<br><br>(SIXTEEN COUNTS) |

GENERAL ALLEGATIONS

**THE GRAND JURY CHARGES:**

At times material to this Indictment:

1. Doral Bank was a financial institution operating in the Commonwealth of Puerto Rico, with branches throughout the island. The accounts of Doral Bank were insured by the Federal Deposit Insurance Corporation ("FDIC").

2. The defendant, ANNELISE I. FIGUEROA, was an employee of Doral Bank, and Vice-President of the Property and Facilities Department. The duties and responsibilities of the defendant, ANNELISE I. FIGUEROA, included supervision of the maintenance of Doral Bank's branch offices. The defendant did not have authority to sign or approve contracts on behalf of Doral Bank, and her approval authority to commit bank funds was approximately $5,000.00.

3. San Juan Tropical Maintenance Services Inc. ("San Juan Tropical" or SJT) was a for profit corporation created pursuant to the laws of the Commonwealth of Puerto Rico, for the purpose of providing corporate maintenance services.

4. The defendant, ROLANDO RIVERA SOLIS, was Vice-President of San Juan Tropical. In reality, he owned and controlled San Juan Tropical, including the company's daily

Case 3:15-cr-00128-GAG-BJM Document 58 Filed 03/11/15 Page 2 of 11

United States v. Annelise Figueroa, et al.
Crim. No. 15-128 (GAG)
Superseding Indictment

operations and corporate finances. The defendant, ROLANDO RIVERA SOLIS, designated a third party as the President of San Juan Tropical, but the named President did not have decision-making authority within the company.

5.   San Juan Tropical maintained an operating account at Doral Bank (account ending in XXX9021). The President and the defendant's wife were signatories on the account, but followed the instructions of the defendant, ROLANDO RIVERA SOLIS, with respect to the manner in which the corporate funds would be expended.

6.   On or about March 13, 2008, ROLANDO RIVERA SOLIS directed a person whose initials are MPF to send a cleaning and maintenance contract proposal in favor of "San Juan Tropical, Inc.", to ANNELISE FIGUEROA at Doral Bank for the monthly sum of $27,350.00, at a time when no such corporation existed.

7.   On or about April 11, 2008, San Juan Tropical, Inc. was incorporated in the Puerto Rico Department of State as a For-Profit corporation by MPF, appearing as President of SJT, following instructions of ROLANDO RIVERA SOLIS.

8.   On or about April 28, 2008, the defendant, ANNELISE FIGUEROA issued a letter of intent to SJT for a cleaning and maintenance contract of Doral Bank's facilities for the proposed monthly sum of $27,350.00, through July 24, 2008; and for an increased monthly amount of $30,125.00, from July 25, 2008, onwards.

9.   On or about October 1, 2008, Doral Bank and SJT entered into a contract whereby SJT would provide cleaning services to Doral Bank. The contract fee was set at $18,961.00 to be paid on a monthly basis. The maintenance contract also included an additional monthly fee of $1,500.00 for external cleaning of ATM machines.

Case 3:15-cr-00128-GAG-BJM   Document 58   Filed 03/11/15   Page 3 of 11

United States v. Annelise Figueroa, et al.
Crim. No. 15-128 (GAG)
Superseding Indictment

10.     On or about January 21, 2011, the defendant ANNELISE FIGUEROA issued a letter of intent indicating that the contract fee of $27,350.00 would be paid on a monthly basis. The letter was not signed by the defendant's supervisor nor any other bank executive.

11.     On or about January 24, 2011, the defendant ANNELISE FIGUEROA issued a letter of intent indicating that the contract fee of $24,288.27 would be paid on a weekly basis. The letter was not signed by the defendant's supervisor nor any other bank executive.

### COUNT ONE THROUGH SIX
### Financial Institution Fraud
### 18 USC § 1344

Paragraphs one through eleven of the general allegations are re-alleged and incorporated herein by reference, as if fully set forth herein.

Between in or about April, 2008, through in or about June, 2011 in the District of Puerto Rico, the defendants,

**[1] ANNELISE I. FIGUEROA, and
[2] ROLANDO RIVERA SOLIS**

aiding and abetting each other, did knowingly execute and attempt to execute a scheme and artifice to defraud Doral Bank, a financial institution as defined in Title 18, United States Code, Section 20, and to obtain moneys and funds owned by and under the custody and control of Doral Bank, by means of materially false and fraudulent pretenses, representations and promises.

### OBJECT OF THE SCHEME AND ARTIFICE TO DEFRAUD

The object of the scheme and artifice to defraud Doral Bank was for the defendants to engage in a deceptive course of conduct designed to defraud Doral Bank. Defendant ANNELISE FIGUEROA would surreptitiously change the terms of a maintenance contract with San Juan Tropical, by issuing letters of intent which materially changed the terms of a

Case 3:15-cr-00128-GAG-BJM   Document 58   Filed 03/11/15   Page 4 of 11

United States v. Annelise Figueroa, et al.
Crim. No. 15-128 (GAG)
Superseding Indictment

maintenance contract with Doral Bank, by specifying that the monthly fee would, in fact, be paid on a weekly basis, thereby causing the bank to pay San Juan Tropical and its principals to which they were not entitled, and securing benefits for herself and other family members, from San Juan Tropical.

## MANNER AND MEANS OF THE SCHEME TO DEFRAUD
## AND ACTS IN FURTHERANCE

The manner and means by which the defendants sought to accomplish the objects and purpose of the scheme to defraud included, among other:

1. That on or about March 13, 2008, the defendant, ROLANDO RIVERA SOLIS, , caused to be submitted through defendant ANNELISE FIGUEROA, a proposal for a cleaning/maintenance contract in favor of "San Juan Tropical, Inc.", to Doral Bank, for its consideration, at a time when no such corporation existed.

2. That on or about April 11, 2008, San Juan Tropical, Inc. was incorporated at the Puerto Rico Department of State.

3. That sometime prior to the awarding of Doral Bank's cleaning and maintenance contract to San Juan Tropical, which ultimately included provisions for external ATM cleaning services, defendant ANNELISE FIGUEROA forwarded to ROLANDO RIVERA SOLIS, the quotes submitted by another proposed supplier of Doral Bank for ATM cleaning services.

4. That the defendant, ANNELISE FIGUEROA, would use her best efforts to ensure that the cleaning contract was awarded to San Juan Tropical, due to her personal relationship with the defendant, ROLANDO RIVERA SOLIS.

4

Case 3:15-cr-00128-GAG-BJM   Document 58   Filed 03/11/15   Page 5 of 11

United States v. Annelise Figueroa, et al.
Crim. No. 15-128 (GAG)
Superseding Indictment

5. That the defendant, ANNELISE FIGUEROA, would materially alter the terms of the contract signed by senior executives of Doral Bank, and defendant ROLANDO RIVERA SOLIS, by representing in a letter of intent directed to San Juan Tropical that Doral Bank would pay the monthly fee stipulated in the contract, on a weekly basis.

6. That the defendant, ANNELISE FIGUEROA, would place pressure on the Accounting Department at Doral Bank to issue the weekly payments, and would also cause other bank employees to similarly direct the Accounting Department to issue weekly payments to San Juan Tropical.

7. Defendant ROLANDO RIVERA-SOLIS would repay ANNELISE FIGUEROA's intervention in approving weekly payments to San Juan Tropical with moneys, goods and favors.

**ACTS IN EXECUTION OF THE SCHEME AND ARTIFICE TO DEFRAUD**

On or about the dates listed in the table below, the defendants, aiding and abetting each other, committed, and caused to be committed, the following acts in execution of the scheme and artifice to defraud, each act representing an unlawful and unauthorized payment by Doral Bank to San Juan Tropical, in excess of the amount stipulated in the contract, and paid on a weekly basis to San Juan Tropical:

| COUNT | DATE | PAYMENT AMOUNT |
|---|---|---|
| ONE | May 7, 2008 | $ 6,837.50 |
| TWO | August 22, 2008 | $ 7,531.25 |
| THREE | August 22, 2008 | $ 12,865.00 |
| FOUR | January 23, 2009 | $ 7,531.25 |
| FIVE | February 25, 2010 | $ 18,046.72 |
| SIX | February 23, 2011 | $ 24,288.27 |

Each count listed above constitutes a distinct and separate violation of Title 18, United States Code, Sections 1344 and 2.

5

Case 3:15-cr-00128-GAG-BJM   Document 58   Filed 03/11/15   Page 6 of 11

United States v. Annelise Figueroa, et al.
Crim. No. 15-128 (GAG)
Superseding Indictment

## COUNT SEVEN
### Misapplication of Bank Funds
### 18 USC § 656

Paragraphs one through ten of the general allegations are re-alleged and incorporated herein by reference, as if fully set forth herein.

Between in or about April 2008, through in our about June, 2011, in the District of Puerto Rico, defendant

**[1] ANNELISSE I. FIGUEROA,**

being an employee of Doral Bank, a financial institution whose funds are employed by the Federal Deposit Insurance Corporation, aided and abetted by

**[2] ROLANDO RIVERA-SOLIS,**

and with the intent to injure and defraud Doral Bank, willfully misapplied, abstracted, or purloined the sum of approximately $ 2,350,000.00 of the moneys, funds, or credits of such institution, in that the defendant without authority altered the material conditions of a maintenance contract with San Juan Tropical, for the purpose of causing Doral Bank to make the contractually stipulated monthly payments on a weekly basis. All in violation of Title 18, United States Code, Sections 656 and 2.

United States v. Annelise Figueroa, et al.
Crim. No. 15-128 (GAG)
Superseding Indictment

## COUNTS EIGHT THROUGH TWELVE
### Wire Fraud
### 18 USC § 1343

Paragraphs one through eleven of the general allegations are re-alleged and incorporated herein by reference, as if fully set forth herein.

### THE SCHEME TO DEFRAUD

From in or about April 2008, through in or about June 2011, the defendants, **ANNELISE FIGUEROA** and **ROLANDO RIVERA SOLIS,** aiding and abetting each other, devised and intended to devise a scheme to defraud Doral Bank, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS OF THE SCHEME TO DEFRAUD
### AND ACTS IN FURTHERANCE

The manner and means by which the defendants sought to accomplish the objects and purpose of the scheme to defraud included, among other:

1. That on or about March 13, 2008, the defendant, ROLANDO RIVERA SOLIS, , caused to be submitted through defendant ANNELISE FIGUEROA, a proposal for a cleaning/maintenance contract in favor of "San Juan Tropical, Inc.", to Doral Bank, for its consideration, at a time when no such corporation existed.

2. That on or about April 11, 2008, San Juan Tropical, Inc. was incorporated at the Puerto Rico Department of State.

3. That sometime prior to the awarding of Doral Bank's cleaning and maintenance contract to San Juan Tropical, which ultimately included provisions for external ATM cleaning

7

Case 3:15-cr-00128-GAG-BJM   Document 58   Filed 03/11/15   Page 8 of 11

United States v. Annelise Figueroa, et al.
Crim. No. 15-128 (GAG)
Superseding Indictment

services, defendant ANNELISE FIGUEROA forwarded to ROLANDO RIVERA SOLIS, the quotes submitted by another proposed supplier of Doral Bank for ATM cleaning services.

4. That the defendant, ANNELISE FIGUEROA, would use her best efforts to ensure that the cleaning contract was awarded to San Juan Tropical, due to her personal relationship with the defendant, ROLANDO RIVERA SOLIS.

5. That the defendant, ANNELISE FIGUEROA, would materially alter the terms of the contract signed by senior executives of Doral Bank, and defendant ROLANDO RIVERA SOLIS, by representing in a letter of intent directed to San Juan Tropical that Doral Bank would pay the monthly fee stipulated in the contract, on a weekly basis.

6. That the defendant, ANNELISE FIGUEROA, would place pressure on the Accounting Department at Doral Bank to issue the weekly payments, and would also cause other bank employees to similarly direct the Accounting Department to issue weekly payments to San Juan Tropical.

7. Defendant ROLANDO RIVERA-SOLIS would repay ANNELISE FIGUEROA's intervention in approving weekly payments to San Juan Tropical with moneys, goods and favors.

8. It was part of the manner and means of the scheme to defraud, that defendants, aiding and abetting each other would cause the transfer of funds from Doral Bank's Accounts Payable Department to San Juan Tropical's account at Doral Bank ending in XXX9021 using wired means of communications, such payments constituting the proceeds of the scheme to defraud Doral Bank.

## ACTS IN EXECUTION OF THE SCHEME TO DEFRAUD

On or about each of the dates set forth below, in the District of Puerto Rico, the defendants,

[1] ANNELISE I. FIGUEROA, and
[2] ROLANDO RIVERA SOLIS,

aiding and abetting each other, and for the purpose of executing the scheme described above, and attempting to do so, caused the San Juan Tropical and Doral Bank, as noted in the transactions described below, to transmit by means of wire communications in interstate commerce, the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE OF TRANSMISSION | PAYMENT AMOUNT |
|---|---|---|
| EIGHT | October 15, 2010 | Electronic fund transfer from Doral Bank's Account Payable Department to San Juan Tropical's Doral Bank Account ending in xxx9021 in the amount $45,176.18 |
| NINE | November 12, 2010 | Electronic fund transfer from Doral Bank's Account Payable Department to San Juan Tropical's Doral Bank Account ending in xxx9021 in the amount $45,176.18 |
| TEN | November 24, 2010 | Electronic fund transfer from Doral Bank's Account Payable Department to San Juan Tropical's Doral Bank Account ending in xxx9021 in the amount $23,983.09 |
| ELEVEN | December 9, 2010 | Electronic fund transfer from Doral Bank's Account Payable Department to San Juan Tropical's Doral Bank Account ending in xxx9021 in the amount $45,176.18 |
| TWELVE | December 23, 2010 | Electronic fund transfer from Doral Bank's Account Payable Department to San Juan Tropical's Doral Bank Account ending in xxx9021 in the amount $23,983.09 |

Each count listed above constitutes a distinct and separate violation of Title 18, United States Code, Sections 1343 and 2.

United States v. Annelise Figueroa, et al.
Crim. No. 15-128 (GAG)
Superseding Indictment

## COUNT THIRTEEN THROUGH SIXTEEN
### Laundering of Monetary Instruments
### 18 USC § 1957

Paragraphs one through eleven of the general allegations are re-alleged and incorporated herein by reference, as if fully set forth herein.

Between in or about April 2008 through in or about June 2011, in the District of Puerto Rico, the defendant,

**[2] ROLANDO RIVERA SOLIS,**

aided and abetted by others known and unknown to the Grand Jury, did knowingly engage and attempt to engage in a monetary transactions by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that, is the withdrawal and transfer of U.S. currency and funds, in the form of checks issued from the San Juan Tropical account ending in xxx9021 at Doral Bank, such property having been derived from a specified unlawful activity, that is, Bank Fraud, in violation of Title 18, United States Code, Section 1344, as detailed in the table below:

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| THIRTEEN | July 3, 2010 | Disbursement of a $10,062.65 payment (Check No.1970) from the SJT account no. xxx9021 at Doral Bank with proceeds from the scheme and artifice to defraud charged in Counts One through Six of the indictment. |
| FOURTEEN | August 28, 2010 | Disbursement of a $10,056.18 payment (Check No.2041) from the SJT account no. xxx9021 at Doral Bank with proceeds from the scheme and artifice to defraud charged in Counts One through Six of the indictment. |
| FIFTEEN | July 3, 2010 | Disbursement of an $ 11,834.83 payment (Check No.1921) from the SJT account no. 9021 at Doral Bank with proceeds from the scheme and artifice to defraud charged in Counts One through Six of the indictment. |
| SIXTEEN | June 5, 2010 | Disbursement of an $11,971.53 payment (Check No. 1937) from the SJT account no. 9021 at Doral Bank with proceeds from the scheme and artifice to defraud charged in Counts One through Six of the indictment. |

Case 3:15-cr-00128-GAG-BJM   Document 58   Filed 03/11/15   Page 11 of 11

United States v. Annelise Figueroa, et al.
Crim. No. 15-128 (GAG)
Superseding Indictment

Each count listed above constitutes a distinct and separate violation of Title 18, <u>United States Codes</u>, Sections 1957 and 2.

            TRUE BILL
            Foreperson
            Date: 03-11-2015

ROSA EMILIA RODRIGUEZ-VELEZ
UNITED STATES ATTORNEY

_____
Jose Ruiz-Santiago
Assistant United States Attorney
Chief, Criminal Division

_____
Jose Capó-Iriarte
Assistant United States Attorney
Chief, Financial Fraud and Corruption Unit

_____
Héctor E. Ramirez-Carbó
Assistant United States Attorney

11